No. 758

STOLTZ, Exctr. v. MONNETT et

No. 19940. Supreme Court

On motion to certify. Dock. June 28, 1926; 4 Abs. 475.

1271. WILLS—Where a will provides that the executor thereunder shall have the power to sell real estate to pay debts and legacies, may the Probate Court grant an order of sale or does 10812 GC. place such an order beyond the jurisdiction of said Court?

This action was brought originally in the Crawford Probate Court by A. G. Stoltz as executor in an effort to sell real estate in order to provide funds with which to pay the debts and carry out the provisions of the will. A demurrer to the petition was sustained by the Probate Court, which ruling was affirmed by the Common Pleas and Court of Appeals.

The decision of the courts was passed upon 10812 GC. which provides that no order of court is required where authority is conferred upon the executor by the will, the theory being that therefore the Probate Court has no jurisdiction to consider the petition and grant the order of sale prayed for.

The executor in the Supreme Court contends that 10812 GC. does not deprive the Probate Court rfom granting an order of sale of real estate pursuant to the filing of a petition.

Attorneys—Gallinger & McCarren, for Stoltz; R. V. Sears and O. W. Kennedy, for Monnett; all of Bucyrus.

---

No. 759

CALDWELL et. v. STATE

No. 19943. Supreme Court.

On motion to certify. Dock. June 30, 1926; 4 Abs. 475.

1157. TAXATION—Within purview of the gasoline tax law, 111—Ohio Laws—294, is the benzol content in benzol gasoline subject to tax?

This action was brought originally by the State in the Franklin Common Pleas to recover a tax on the benzol content of benzol gasoline.

The judgment of the Common Pleas in sustaining a demurrer to the reply was reversed by the Court of Appeals on the ground that the benzol content of so called benzol gasoline was taxable within the purview of the gasoline tax bill.

Plaintiff in the Supreme Court contends that the benzol content, a distillate of coal tar and not a derivative of petroleum, is not taxable.

Attorneys: C. M. Leslie and C. M. Smith, Cincinnati, for Caldwell et; C. C. Crabbe and W. E. Benoy, Columbus, for State.

No. 760

HOME TELEPHONE CO. v. HORN

No. 19948. Supreme Court.

On motion to certify. Dock. July 1, 1926.

1085. SERVICE—Where an action is brought against "The Improved Telephone Company" and the sheriff's return recites service by handing summons to president on Improved Telephone Company," whereas the proper name for the Company is "The Improved Home Telephone Company," should a motion to quash service be sustained?

301. CONTRIBUTORY NEGLIGENCE— Where a minor employee has passed through an alley after 8:00 P. M. in violation of a city ordinance, will this fact support the defense of contributory negligence?

This action was brought originally in the Tuscarawas Common Pleas by Elmer H. Horn, Administrator of the estate of Harold Horn against the Improved Telephone Company in an effort to recover damages for the alleged wrongful death of the deceased while in the employ of the company.

The petition and return of the sheriff recites The Improved Telephone Company and a motion to quash service was over-ruled leave granted to insert the word "Home" between the words "Improved" and "Telephone."

The Company set up the defense of contributory negligence in that at the date of the accident the deceased, a minor, was in a certain alley after 8:00 P. M. in violation of the city ordinance which defense was struck out by the Court.

The judgment of the Common Pleas in favor of the Administrator was affirmed by the Court of Appeals.

The Company in the Supreme Court contends:

1. That service should have been quashed.

2. That the defense of contributory negligence as set up was good.

Attorney: Seikel & Hill, Dover, for Company; Mitchell & Mitchell and Milken, Fersell & Fisher, New Philadelphia, for Horn.